UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. WILSON,<br><br>    Petitioner,<br><br>    v.<br><br>R. GROUNDS, Warden,<br><br>    Respondent. | Case No. 15-cv-03805-HSG (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 8 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely, and Petitioner has filed an opposition.

## BACKGROUND

In 1992, Petitioner was convicted by an Alameda County jury of second-degree murder with a deadly weapon. Pet. at 1-2.[1] He was sentenced to a determinate term of two years, to be followed by an indeterminate term of fifteen years to life in state prison. Ex. 1.[2] In 1994, the state appellate court affirmed his conviction, and the California Supreme Court denied review. Pet. at 3.

Petitioner filed a petition for writ of habeas corpus in Alameda County Superior Court on January 20, 2014 (petition proof of service date). Ex. 2. The petition was denied on March 25, 2014. Pet at 23-25. Petitioner then filed a petition for writ of habeas corpus in the California

---

[1] All page numbers used herein refer to those affixed to the top of the page by the Court's electronic filing program.

[2] All references herein to exhibits are to the exhibits submitted by Respondent in support of the motion to dismiss.

1  Court of Appeals on November 13, 2014 (petition signature date). Ex. 3. The petition was denied

2  on November 19, 2014. Pet. at 27. On December 26, 2014, Petitioner filed a petition for writ of

3  habeas corpus in the California Supreme Court, which was denied on March 11, 2015.[3]

4      Petitioner then filed this action, seeking a federal writ of habeas corpus. The petition has a

5  signature date of August 2, 2015 and was stamped "filed" at the Court on August 20, 2015. As a

6  *pro se* prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems most

7  documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman*

8  *v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to

9  prison officials for mailing on the date he signed it, i.e., August 2, 2015, and deem the federal

10 petition filed as of that date.

## DISCUSSION

12     The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

13 April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of

14 habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state

15 convictions or sentences must be filed within one year of the latest of the date on which: (1) the

16 judgment became final after the conclusion of direct review or the time passed for seeking direct

17 review; (2) an impediment to filing an application created by unconstitutional state action was

18 removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

19 recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

20 made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have

21 been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during

22 which a properly filed application for state post-conviction or other collateral review is pending is

23 excluded from the one-year time limit. *Id.* § 2244(d)(2).

24     Petitioner claims herein that once his prison term exceeded nineteen to twenty years—the

25 maximum base term for his crime according to Petitioner—it became disproportionate to his

---

[3] *See* http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2096356&doc_no=S223462

individual culpability. Pet. at 16, 18. Consequently, the date by which the one-year statute of limitations period begins to run is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner completed his two-year determinate term and began serving his indeterminate terms of 15 years to life on November 13, 1993. Ex. 1. Thus, the date on which he would have learned that he was serving longer than 20 years on his indeterminate term was November 14, 2013. The presumptive deadline for Petitioner to file his federal petition was therefore November 13, 2014. He missed that deadline by 262 days, so unless he qualifies for tolling, the petition is untimely.

**A.  Statutory Tolling**

As noted above, AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)). This includes the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). In California, where prisoners generally use the state's "original writ system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court (gap tolling), provided the prisoner did not delay unreasonably in seeking review in the higher court. *See id.* at 220-23; *see also Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir. 2014). If a state court does not clearly rule on a petitioner's delay, the federal court must evaluate all relevant circumstances and independently determine whether the delay was "unreasonable." *Carey*, 536 U.S. at 226. Unless the California legislature or courts determine otherwise, a federal court should not interpret California's standard to "lead to filing delays substantially longer than those in States with determinate timeliness rules." *Evans v. Chavis*, 546 U.S. 189, 200 (2006).

The record shows that petitioner first filed a state habeas petition in Alameda County Superior Court on January 20, 2014. The court denied the petition on March 25, 2014, tolling the limitations period for 64 days. Petitioner then filed a state habeas petition in the California Court

of Appeal on November 13, 2014. The court denied the petition on November 19, 2014, tolling the limitation period for 6 days. Petitioner then filed a state habeas petition in the California Supreme Court on December 26, 2014. The court denied the petition on March 11, 2015, tolling the limitations period for 74 days. But petitioner is not entitled to gap tolling for the interval between the Alameda County Superior Court's disposition of his petition and the filing of his petition in the California Court of Appeal (i.e., the 233 days from March 25, 2014 to November 13, 2014). Although the interval between a state court disposition and the submission of a habeas petition to the next appellate level is normally tolled, *see Carey*, 536 U.S. at 219-21, here the petition was substantially delayed, and petitioner does not provide adequate justification for the delay. *See Evans*, 546 U.S. at 201 (finding unjustified six-month delay unreasonable); *Stewart*, 757 F.3d at 935-37 (finding 100-day delay with no showing of good cause unreasonable); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91- and 81-day delays between state habeas petitions unreasonable with no indication from California courts to the contrary). Petitioner is entitled to gap tolling, however, for the interval between the state court of appeal's disposition and the filing of his petition in the California Supreme Court (i.e., the 37 days from November 19, 2014 to December 26, 2014).

The limitations period was tolled under § 2244(d)(2) for 181 days (64 + 6 + 74 + 37), extending the federal filing deadline from November 13, 2014 to May 13, 2015. But the instant federal petition was not filed until August 2, 2015. It is 81 days too late.

Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

**B.     Equitable Tolling**

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a

4

timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citing *Stillman*, 319 F.3d at 1203). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Here, Petitioner claims that he was suffering from a period of depression and was "unable to put thoughts in order." Dkt. No. 11 at 1. Thus Petitioner appears to assert entitlement to equitable tolling on grounds of mental impairment. Eligibility for equitable tolling due to mental impairment requires a petitioner to meet a two-part test: (1) First, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

Petitioner vaguely claims that he was suffering from depression without specifying when and without demonstrating the severity of his depression. The record does not show that Petitioner's depression was an extraordinary circumstance so severe that it prevented him from understanding the need to timely file nor does it show that he was mentally unable to prepare a habeas petition. Further, Petitioner fails to show a causal connection between his depression and

the 233-day filing delay (between the superior court's denial of his petition and the filing of his appellate court petition) and the 144-day filing delay (between the California Supreme Court's denial of his petition and the filing of his federal petition).

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

## CONCLUSION

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition as untimely is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 8/19/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge